## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

GARFIELD PETROLEUM, INC., an
Illinois Corporation,

        Plaintiff,

    v.

CITY OF CHICAGO, a Municipal
Corporation, and MARLENE HOPKINS,
Building Commissioner of the City of
Chicago,

        Defendants.

Case No.

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants City of Chicago (the "City")

and Marlene Hopkins (together, "Defendants") remove this action from the Circuit Court of

Cook County, Illinois, County Department, Law Division, to the United States District Court for

the Northern District of Illinois, Eastern Division. In accordance with 28 U.S.C. § 1446(a), a

copy of all process, pleadings, and orders received by Defendants are attached as Exhibit 1.

Defendants state the following as their grounds for removal:

1.      On August 11, 2025, Plaintiff Garfield Petroleum, Inc. filed a Complaint at Law,

captioned *Garfield Petroleum, Inc. v. The City of Chicago, Marlene Hopkins*, Case No.

2025L010130, in the Circuit Court of Cook County, County Department, Law Division. The

complaint was served on Defendants on December 22, 2025.

2.      The Complaint alleges claims related to the inspection and emergency closure of a

gas station and retail store located at 1952 West Garfield Boulevard, Chicago, IL 60609.

Specifically, the Complaint asserts federal constitutional claims under the Fourth Amendment for

an unlawful search and under the Fourteenth Amendments for due process violations of the United States Constitution.

3. These Fourth and Fourteenth Amendment claims fall within the original jurisdiction of the district court because they raise federal questions. *See* 28 U.S.C. § 1331. Defendants are therefore entitled to remove this action pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. On removal, venue is proper "to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a). The Circuit Court of Cook County is located within the Northern District of Illinois, Eastern Division of the United States District Court. Venue is thus proper within this district and division.

5. Removal is timely. A defendant, after receipt of a civil action, has thirty days to file a notice of removal. 28 U.S.C. § 1446(b)(1). The Circuit Court for Cook County issued an alias summons on December 22, 2025, and Defendants received that summons for the underlying matter the same day.

6. All Defendants join in and consent to the removal of this action. *See id.* § 1446(b)(2)(A).

7. Written notice of this Notice of Removal is being contemporaneously filed with the Clerk of the Court for the Circuit Court of Cook County, Illinois, and a copy will promptly be given to Plaintiff's counsel. *See id.* § 1446(d).

WHEREFORE Defendants respectfully request this civil action be removed to the United States District Court for the Northern District of Illinois, Eastern Division; that this Court assume jurisdiction over this civil action; and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Date:   January 20, 2026

AMIE L. MEDLEY
amie.medley@cityofchicago.org
City of Chicago, Department of Law
Constitutional and Commercial
 Litigation Division
2 North Lasalle Street, Suite 520
Chicago, Illinois 60602
(312) 744-2742

*Attorney for Defendants*

Respectfully submitted,

MARY B. RICHARDSON-LOWRY,
Corporation Counsel for the City of Chicago

By:    /s/ *Amie L. Medley*
       Amie L. Medley
       Senior Counsel
       City of Chicago Department of Law

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2026, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the electronic Mail Notice list.

I also certify that, pursuant to 28 U.S.C. 1446(d), Federal Rule of Civil Procedure 5(b), and Local Rule 5.5, that a copy of the foregoing was sent by e-mail to the adverse parties in this matter to the individuals below:

Jeffrey M. Isaacson
1001 Green Bay Road Suite 174
Winnetka, Illinois 60093
lawofficejmi@gmail.com
312-523-9636

/s/ *Amie L. Medley*_____